ESTHER E. COSTELLO,
Appellant from decree of Judge of Probate,

*vs.*

KATHERINE A. TIGHE, Admx.

York.    Opinion December 18, 1907.

*Practice.    Exceptions.    Finding of Facts by Presiding Justice.*

On an appeal from the decree of the Judge of Probate refusing to grant
letters to the plaintiff as surviving partner to close up the partnership
affairs of the firm of John H. Tighe, deceased, and the plaintiff, the ques-
tion submitted to the determination of the presiding Justice was whether
or not the partnership between the said Tighe and the plaintiff was dis-
solved during the lifetime of the said Tighe or continued until his death.
The presiding Justice found that no partnership existed between the said
Tighe and the plaintiff at the time of the death of said Tighe. The plain-
tiff then excepted.

*Held :*  (1)  That the plaintiff's exceptions only raised the question whether
there was any evidence upon which the finding and ruling of the presiding
Justice could be based.  (2)  That the question submitted to the decision
of the presiding Justice involved an issue of fact, not simply an inference
of law from facts admitted or proved.  (3)  That there was evidence to
support the finding of the presiding Justice.  (4)  That the sufficiency of
such evidence was a question of fact upon which the finding of the presid-
ing Justice is conclusive.

On exceptions by plaintiff.    Overruled.

The plaintiff filed a petition in the Probate Court, York County,
praying that letters be granted to her as surviving partner to close
up the partnership affairs of the firm of John H. Tighe, deceased,
and herself.    After a hearing on the petition, it was decreed by the
Judge of Probate that no partnership existed between the said John
H. Tighe and the plaintiff.    The plaintiff then appealed to the
Supreme Judicial Court sitting as the Supreme Court of Probate.
A hearing on the appeal was had in the Supreme Court of Probate
and after the hearing, the presiding Justice found and decreed as
follows :

"Only one question is raised by the reasons of appeal. After hearing and considering the evidence and arguments of counsel I find that there was no partnership existing between the said John H. Tighe and the said Esther E. Costello at the time of the death of the said John H. Tighe.

"It is therefore ordered and decreed, that the decree of the Probate Court be affirmed, with costs against the appellant."

The plaintiff then excepted to the ruling, order and decree of the presiding Justice.

The case appears in the opinion.

*Anthony Dwyer*, for plaintiff.

*Cleaves, Waterhouse & Emery*, for defendant.

SITTING: EMERY, C. J., WHITEHOUSE, STROUT, PEABODY, SPEAR, CORNISH, JJ.

WHITEHOUSE, J. This was a petition to the Probate Court of York County asking that letters be granted to Esther E. Costello as surviving partner, to close up the partnership affairs of the firm of John H. Tighe, deceased, and the petitioner. It was decreed by the Probate Court that no partnership existed between John H. Tighe and Esther E. Costello, at the time of the death of the former. From this decree an appeal was taken to the Supreme Judicial Court sitting as the Supreme Court of Probate. A hearing was had on this appeal and the following decree entered by the presiding Justice, namely :

"Only one question is raised by the reasons of appeal. After hearing and considering the evidence and arguments of counsel, I find that there was no partnership existing between the said John H. Tighe and the said Esther E. Costello, at the time of the death of the said John H. Tighe."

The decree of the Probate Court was accordingly affirmed with costs against the appellant. The case comes to the Law Court on exceptions to this ruling.

It was not in controversy that a partnership between the appellant and Tighe was formed by articles of agreement dated February 8,

1899 to continue for a term of five years. It is contended by the plaintiff that at the expiration of that period, Tighe continued to carry on the same business in the same store; that there was no settlement of the affairs of the partnership or other evidence of a dissolution at that time and that in fact the partnership was only dissolved by the death of Tighe March 14, 1906, nearly two years later.

On the other hand it is contended by the defendant that the evidence disclosed by the entries in the account books of the firm, strongly tends to show a termination of the partnership by mutual consent at the expiration of the time limited in the articles of agreement. The entries show monthly payments to the appellant on account of her share of the profits from November 14, 1899 to February 19, 1903, but no such monthly payments appear on the books after that date. On the third day of May, 1904, however, nearly three months after the expiration of the five years, there is an entry of a payment of $700 to some one whose name appears to have been erased. It is claimed by the defendant that this payment was made to the appellant in settlement of the partnership affairs.

Whether the partnership was dissolved in Tighe's lifetime or continued until his death, was a question submitted to the decision of a single Justice. It involved an issue of fact. It was not simply an inference of law from facts proved or admitted. The presiding Justice found in favor of the defendant and affirmed the decree below. There was evidence to support this conclusion. The plaintiff's exceptions can only raise the question whether there was any evidence upon which the finding and ruling of the presiding Justice could be based.

"If there was any such evidence its sufficiency was a question of fact upon which the finding of the court is conclusive, not to be reviewed by the Law Court." *Eacott, Executor, Appellant,* 95 Maine, 522; *Hazen* v. *Jones,* 68 Maine, 343 ; *Brooks* v. *Libby,* 89 Maine, 151 ; *Pettengill* v. *Shoenbar,* 84 Maine, 104.

*Exceptions overruled.*